IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEANNETTE GONZALEZ and
TAMMY KERCE on behalf of
themselves and all those similarly
situated who consent to
representation,

    Plaintiffs,

    v.

LIVEOPS, INC.,

    Defendant.

CIVIL ACTION FILE

NO. 1:08-CV-0813-BBM

**O R D E R**

This action, alleging violations of the Fair Labor Standards Act ("FLSA"), is currently before the court on the Defendant's Motions to Compel Discovery [Doc. Nos. 111, 167, 253 & 266] and Plaintiff Daniele Xenos's ("Ms. Xenos") Motion for Entry of a Protective Order [Doc. No. 135]. There are a number of other pending motions in this case, which will be addressed by separate Order.

I.    **Factual and Procedural Background**

On December 3, 2007, Plaintiffs Jeannette Gonzalez ("Ms. Gonzalez") and Tammy Kerce ("Ms. Kerce"), filed a putative class action Complaint against Defendant LiveOps, Inc. ("LiveOps") alleging violations of the FLSA. Ms. Xenos filed a consent to join the action on February 20, 2008. The Complaint alleges that LiveOps failed to pay Plaintiffs and other similarly situated employees for time

spent completing mandatory review of training materials and shift time spent logged on to LiveOps's website waiting for customer calls. Plaintiffs claim that LiveOps classified them as independent contractors in order to avoid the minimum wage and overtime provisions of the FLSA, but that Plaintiffs are actually employees of LiveOps. Therefore, they assert, Plaintiffs are entitled to compensation during this time. Plaintiffs seek to recover unpaid wages, liquidated damages as permitted by the FLSA, interest on damages, and attorneys' fees.

On March 7, 2008 LiveOps served its first set of interrogatories upon the Plaintiffs and noticed the depositions of Ms. Gonzalez, Ms. Kerce, and Ms. Xenos. Plaintiffs provided their Initial Disclosures in accordance with Federal Rule of Civil Procedure 26 on April 14, 2008, and served their responses to LiveOps's discovery requests on April 15, 2008. In their Initial Disclosures, Plaintiffs declined to calculate their damages. They stated:

> Plaintiffs have not made a computation of their damages. Plaintiffs believe they will be able to accurately compute their damages after review of the time records, log in/log out records; certification records and/or training records believed to be in Defendant's possession. Plaintiffs may have to consult with an expert witness to accurately provide an estimate of damages.

(Pls.' Initial Disclosures 6.)

Based on Plaintiffs' responses, LiveOps filed a Motion to Dismiss or Alternatively Compel Disclosure of Plaintiffs' Computation of Damages and

Discovery Responses. LiveOps requests that the court dismiss Plaintiffs' Complaint for failure to comply with their initial disclosure and discovery obligations. Alternatively, LiveOps requests that the court compel Plaintiffs to provide a full and complete computation of each category of damages and provide full and complete responses to LiveOps's discovery requests. LiveOps also seeks reasonable expenses and attorneys' fee for bringing this Motion.

Following the filing of LiveOps's Motion to Dismiss or Compel, Plaintiffs sent a letter requesting certain documents from LiveOps and filed Supplemental Rule 26 Disclosures. In their Supplemental Disclosures, Plaintiffs again stated "Plaintiffs cannot make an accurate computation of damages." (Pls.' Supplemental Initial Disclosures 4). However, they were able to provide "a rough estimate that is derived primarily from memory" by multiplying the number of hours Ms. Kerce, Ms. Gonzalez, and Ms. Xenos testified during their depositions that they spent training by $5.15. (Id.) In addition, Plaintiffs also stated:

> Plaintiffs believe they are also entitled to the federal minimum pay for all hours worked. Plaintiffs cannot discern from the limited discovery that has been produced what compensation they are owed for deficiencies attributable to Defendant's per minute pay practice, but generally believes it exceeds $50 dollars. Plaintiffs will supplement this response when they receive complete time records, attendance records for meetings, lists of meetings and certification records and a complete set of training material for each plaintiff. Plaintiffs may have to consult with an expert witness to accurately provide an estimate of damages.

3

(Id. at 4-5.)

Subsequently, several other individuals, Trudy Carter ("Ms. Carter"), Veronica Dobbs ("Ms. Dobbs"), Milland Goldman, Monique Goldman, Candi Hagan, Menette Hambrick ("Ms. Hambrick"), Jennifer Holder ("Ms. Holder"), Barry Jordan ("Ms. Jordan"), Cara McClure-Black ("Ms. McClure-Black"), Marie McRae ("Ms. McRae"), Sandra Rippetoe-Jordan ("Ms. Rippetoe-Jordan"), Angela Walker ("Ms. Walker"), Andria Goodman ("Ms. Goodman"), Lonna Hardin ("Ms. Hardin"), Felicia Johnson ("Ms. Johnson"), Joshica Moore, Eddie Moore, Disera Wyatt ("Ms. Wyatt"), Maureen Cook ("Ms. Cook"), JoAnne Dingle ("Ms. Dingle"), LaTonya Galoway ("Ms. Galoway"), Jennifer Jay ("Ms. Jay"), Deanne Manley ("Ms. Manley"), Wendy Mitchell ("Ms. Mitchell"), Jeanine Moore, Melinda Mossberg ("Ms. Mossberg"), Kimberly Nelms ("Ms. Nelms"), and Ellen O'Brien ("Ms. O'Brien") filed Consents to Join this action. LiveOps has served interrogatories and requests for production of documents on these Opt-in Plaintiffs. LiveOps, however, has filed additional Motions to Dismiss or Alternatively Compel Discovery Responses based on the Opt-in Plaintiffs' responses and failure to respond to its interrogatories [Doc. Nos. 167, 253 & 266].[1]

---

[1]Dennis Yates appears on the docket as a Plaintiff, however, his answers to LiveOps's interrogatories are not discussed in its Motions to Compel. As a Plaintiff in this case, Mr. Yates is subject to this court's ruling, and DIRECTED along with the other Plaintiffs to comply, if he has not done so.

Plaintiffs contend that granting LiveOps's request for dismissal would be inappropriate because they have not violated a court order compelling the requested discovery. Moreover, they contend that the Motions to Compel are not warranted because they have supplemented their initial disclosures and plan to file supplemental interrogatory responses after LiveOps produces documents in its possession. It is Plaintiffs' position that they have fully responded to interrogatories given the information available to them.

## II. Damages Computation

Plaintiffs contend that they have fulfilled their obligations under Federal Rule of Civil Procedure 26(a)(1)(C). They assert that it would be impossible to provide an accurate estimate of damages without reviewing documents in LiveOps's possession. Plaintiffs state that they could not provide an estimate until after they reviewed the documents that LiveOps listed in its initial disclosures. It was only after LiveOps produced some documents at depositions of Ms. Gonzalez, Ms. Kerce, and Ms. Xenos, Plaintiffs argue, that they were able to make rough estimates for their Supplemental Initial Disclosures filed on May 27, 2008.

LiveOps does not appear to challenge the sufficiency of the computation of damages in Plaintiffs' Supplemental Initial Disclosures. It argues, however that the computation of damages was untimely and the deficiencies in Plaintiffs' Initial

Disclosures should not be excused. Therefore, it asserts, LiveOps is still due reasonable expenses incurred in making the Motion to Compel, including attorneys' fees. The court agrees.

Federal Rule of Civil Procedure 26 provides in relevant part, "a party must, without awaiting a discovery request, provide to the other parties: . . . a computation of each category of damages claimed . . . [and] must also make available for inspection and copying . . . the documents or other evidentiary material, . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(iii). There is no dispute that Plaintiffs' Initial Disclosures, discussed above, contained no computation of damages. The Federal Rules do not contemplate waiting for discovery before providing any computation of damages. Rule 26 requires that "a party *must*, without awaiting a discovery request, provide" a computation of damages. Fed. R. Civ. P. 26(a)(1) (emphasis added); see also Viveros v. Nationwide Janitorial Ass'n, Inc., 200 F.R.D. 681, 683 (N.D. Ga. 2000) (Evans, J.) (rejecting plaintiffs argument that they could not calculate damages until defendants provided them with the time and payroll records FLSA required defendants to maintain). The court is not persuaded by Plaintiffs' misplaced reliance on Luna v. Del Monte Fresh Produce (Se.), Inc., Civil Action No. 1:06-CV-2000-JEC, 2007 WL 1500269 (N.D. Ga. May 18, 2007) (Carnes, J.) to argue that a motion to compel is inappropriate

when a party is waiting on production from another party. In <u>Luna</u>, the court denied a motion to compel disclosure of damages because plaintiffs had supplemented their initial disclosures, noting "[a]s defendants have received the information that is subject of their motion, defendants' motion to compel . . . is DENIED." <u>Id.</u> at *3. Compelling disclosure of damages would have been inappropriate because the defendants had already received the information they requested, not because they were waiting for production. Indeed, the <u>Luna</u> court noted that "Plaintiffs' initial disclosures, which contained a proposed formula for calculating damages but not an actual computation of damages did not fully comply with" the Federal Rules. <u>Id.</u> Plaintiffs' Initial Disclosures in this case contained neither a proposed formula nor an actual computation. Here, as in <u>Luna</u>, the court finds that because the Plaintiffs have filed Supplemental Initial Disclosures there is no need to grant a Motion to Compel relating to a damages computation, but also finds that Plaintiffs' Initial Disclosures were deficient.

Because Plaintiffs provided a computation of damages only after LiveOps brought its Motion to Compel, the court holds that LiveOps is entitled to reasonable expenses, including attorneys' fees.[2] Federal Rule of Civil Procedure 37 requires that

---

[2]There is no apparent disagreement about the sufficiency of Plaintiffs' computation of damages in their Supplemental Initial Disclosures, so no further discussion of this issue is required.

if a Motion for an Order Compelling Disclosure is granted, "or if the disclosure or requested discovery is provided *after* the motion was filed—the court *must*, . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). A court must not order this payment, however, if the motion was filed before making a good-faith attempt to obtain the information without court intervention, if the nondisclosure was substantially justified, or if the circumstances make the payment unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The court is satisfied that LiveOps made a good faith attempt to obtain this information initially without court intervention. LiveOps e-mailed a request for a damage calculation on April 15, 2008, to which Plaintiffs responded that they had no duty to speculate and found it unreasonable to estimate damages without the benefit of documents in LiveOps's possession. As discussed, Plaintiffs' position is not supported by rule or precedent. Further, Plaintiffs have presented no substantial justification for their delinquent damages computation given that they have an established duty to disclose this information and Plaintiffs' Initial Disclosures contained no attempt at a calculation.[3]

---

[3]Plaintiffs' reliance on Unique Sports Prods., Inc. v. Wilson Sporting Goods Co., 512 F. Supp. 2d 1318 (N.D. Ga. 2007) (Carnes, J.) is misplaced. There, the court held that the "plaintiff was substantially justified in resisting discovery on attorney's fees and expenses, which is usually not conducted prior to trial." Id. at 1329 n.11. Here, in contrast, there

<u>See</u> Fed. R. Civ. P. 26(a)(1)(iii). Accordingly, LiveOps is entitled to reasonable expenses, including attorneys' fees.

## III.    <u>Interrogatories</u>

LiveOps has filed several Motions to Dismiss or Alternatively Compel Discovery Responses [Doc. Nos. 111, 167, 253 & 266]. LiveOps asserts that certain Plaintiffs have provided no interrogatory responses; have provided only unsigned interrogatory responses; have failed to provide responsive answers to many interrogatories; and have not produced requested documents. Plaintiffs maintain that they have provided full and complete responses based on their recollection and limited documentation. Plaintiffs state that they will be able to provide additional information once they review documents in LiveOps's possession, which Plaintiffs say LiveOps has refused to provide them.

Federal Rule of Civil Procedure 37 allows a party to move for an Order compelling disclosure or discovery. A party may compel a discovery response if another party fails to answer an interrogatory under Rule 33, Fed. R. Civ. P. 37(a)(3)(B)(iii), or fails to permit inspection of a document under Rule 34, Fed. R. Civ. P. 37(a)(3)(B)(iv), and, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ.

---

exists an express duty to disclose damage computations prior to trial.

P. 37(a)(4).  Under Rule 37, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

As an initial matter, the court is satisfied that LiveOps has made a good faith effort to obtain the disclosures without court action.  LiveOps has sent a series of e-mails and letters to Plaintiffs seeking to address what it perceived to be inadequacies in discovery responses, articulated specific concerns regarding these shortcomings, sent follow-up requests for document production, and, in certain instances agreed to extra time for compliance with discovery demands.

LiveOps complains that Ms. Walker, Joshica Moore, Eddie Moore, and Ms. Wyatt have not provided any response to discovery requests, and that Ms. McClure-Black and Ms. Hardin have only provided unsigned interrogatory responses.  To the extent that Plaintiffs have provided no response to LiveOps's discovery requests or have served unsigned interrogatory responses, the court grants LiveOps's Motion to Compel.  Plaintiffs are ORDERED to provide signed responses within 20 days of the date of this Order.

LiveOps also asserts that Plaintiffs' responses to Interrogatories 4, 5, 8, 9, 10, 11, 12, and 13 are evasive and incomplete.  Plaintiffs respond that their answers are

complete, given Plaintiffs' recollection, and that the answers will be supplemented once they review documents currently in the possession of LiveOps. Additionally, Plaintiffs complain that LiveOps has not produced any documents as part of its initial disclosures, opting instead to provide an itemized list of documents, and that LiveOps has refused to provide this information upon request.

Plaintiffs' obligation to answer interrogatories, mandated by the Federal Rules, is not contingent on production of documents by LiveOps.[4] Rule 33 states, in relevant part, that interrogatories must be answered "by the party to whom they are directed," and must be answered "separately and fully." Fed. R. Civ. P. 33(b)(1)(A)(i), (b)(3). "[R]esponses to interrogatories should not incorporate outside material by reference. Answers to interrogatories must be responsive to the question, complete in themselves, and should not refer to pleadings, depositions, [or] other documents . . . . [and] it is rarely a proper response to an interrogatory

---

[4]Additionally, the record reflects that LiveOps has not failed to produce documents for Plaintiffs. Under Rule 26, which governs initial disclosures, a party must disclose, "a copy—*or a description* by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). Therefore, LiveOps was not required to produce the documents at that time. Neither did LiveOps "refuse" to produce documents upon Plaintiffs request. In response to Plaintiffs' request that LiveOps provide a copy of all of these documents, LiveOps asked for clarification and directed the Plaintiffs to draft a Rule 34 Request. The Court fully expects LiveOps to be amenable to such a request.

merely to reiterate the allegations in the complaint." 7 James Wm. Moore et al., Moore's Federal Practice § 33.103 (3d ed. 2008). A "[p]laintiff's reference to [d]efendants' business records also is not a sufficient answer." Hawn v. Shoreline Towers Phase I Condo. Ass'n, Inc., No. 3:07cv97/RV/EMT, 2007 WL 2298009, at *2 (N.D. Fla. Aug. 9, 2007); see also Davidson v. Goord, 215 F.R.D. 73, 77, 79 (W.D.N.Y. 2003); Hansel v. Shell Oil Corp., 169 F.R.D. 303, 306 (E.D. Pa. 1996).

In order to succeed on their FLSA claims, Plaintiffs must show: (i) an employee/employer relationship under the FLSA, (ii) work performed by the employee, and (iii) inadequate compensation under the FLSA for that work. See Rance v. Rocksolid Granit USA, Inc., No. 08-10193, 2008 WL 2751291, at *1 (11th Cir. July 16, 2008); Haiser v. OHC Envtl. Eng'g, No. 8:07-cv-721-T-30EAJ, 2007 WL 2050975, at *2 (M.D. Fla. July 13, 2007); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946), superceded by statute on other grounds as recognized in Santelices v. Cable Wiring, 147 F. Supp. 2d 1313, 1328 (S.D. Fla. 2001). In filing their Complaint, Plaintiffs have represented that there is "evidentiary support" for their allegations. See Fed. R. Civ. P. 11(b)(3). A review of the interrogatories at issue establishes that LiveOps has simply requested information related to the factual underpinnings of the allegations in the Complaint. The Plaintiffs are at least required to supply the "evidentiary support," relied upon for the Complaint, in their

answers to LiveOps's interrogatories.  Plaintiffs' oft-repeated answer, that they "cannot recall all of the requested information," and Plaintiff "believes that Defendant has the information that would allow her to answer this interrogatory and will supplement this response when she has had the opportunity to review Defendant's records" is insufficient and unresponsive.  (See, e.g., Def.'s First Mot. to Compel, Ex. B at 3.)  The fact that Plaintiffs may later supplement their interrogatory answers does not allow them to fail to provide whatever discoverable information they currently possess. See Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005).

Specifically, Interrogatory 4 asks for the factual basis behind Plaintiffs' allegation that LiveOps monitored Plaintiffs' calls and critiqued their performance. Ms. Xenos,  Ms. Jordan, and Ms. Mitchell responded with the common answer—referencing LiveOps's records and promising to supplement their response; other Plaintiffs provided little beyond a repeated recitation of the allegation.  As discussed, this is insufficient, and Plaintiffs should provide a full response without a general reliance on potential information in LiveOps's records.

Interrogatory 5 asks for information about Plaintiffs' claim that they were uncompensated for time spent reviewing training materials. Ms. Xenos, Ms. Dobbs, Ms. Milland, Monique Goldman, and Ms. McClure-Black responded by averring

that they cannot recall the information and promising to supplement their responses. Jeanine Moore and Ms. Hardin simply state that they cannot recall all of the information. It strains credulity that these Plaintiffs have no information regarding the time for which they claim went uncompensated, if they have evidentiary support for the allegation. These Plaintiffs should answer the interrogatory as fully as possible with any information that they possess. Also, all of the other Plaintiffs are ORDERED to reconsider their answer in light of the guidance given here.

Interrogatories 8, 10, 11, and 13 seek additional facts regarding Plaintiffs' claims that they were not compensated under the FLSA: they ask for the rate at which Plaintiffs were actually compensated; the wage rate at which Plaintiffs claim they should be compensated; the number of work hours and overtime hours for which Plaintiffs claim compensation; and details about the work Plaintiffs did for LiveOps. Plaintiffs represented to the court that they were not paid for work and overtime hours. Yet, among the Plaintiffs who answered these interrogatories at all, they universally claim that they cannot recall this information and believe they can respond after reviewing LiveOps's records. This is no answer. The information sought is central to the underlying Complaint. The Plaintiffs must provide the information that allowed them to file the Complaint in the first place. Plaintiffs may

not answer by purporting to rely on LiveOps's records and not the information they must have had in order to bring their claims. Plaintiffs are ORDERED supplement their answers with whatever information they possess.

Interrogatories 9 and 12 ask Plaintiffs to state the type of damages they seek to recover and to detail their damage computations. Ms. Kerce and Ms. Xenos have objected to Interrogatory 12 to the extent that it seeks legal conclusions rather than facts, stating that they are not qualified to render legal opinions. They, along with every other Plaintiff who has answered these interrogatories, have also stated that they cannot recall the information, will supplement the response after viewing LiveOps's records, and are seeking all statutory remedies available under the FLSA. These uniform answers are deficient, and the court rejects Ms. Kerce's and Ms. Xenos's objections. The interrogatory seeks little more than what Plaintiffs are *required* to initially disclose under Rule 26. As already discussed, Plaintiffs may not wholly decline to calculate damages by deferring to LiveOps's records. Moreover, Plaintiffs' response that they are asking for all statutorily available remedies is also deficient because it is a mere recitation of the allegation in the Complaint. See Hawn, 2007 WL 2298009, at *2. Plaintiffs are ORDERED to answer with any information that they possess.

The court also grants LiveOps's request that Ms. Gonzalez, Ms. Kerce and Ms. Xenos appear for a continued deposition, conducted at Plaintiffs' expense, to answer questions regarding supplemental interrogatory responses. The court rejects Plaintiffs' argument that no additional depositions should take place because the Motion to Compel was filed after the deposition took place. What Plaintiffs neglect to mention, and the record reveals, is that LiveOps communicated its concerns in an attempt to remedy Plaintiffs' deficient disclosures and responses prior to the depositions. (Def.'s First Mot. to Compel, Ex. H.)

Finally, LiveOps complains that Ms. Dobbs, Milland Goldman, Ms. Hagan, Ms. Holder, Ms. Jordan, Ms. Rippetoe-Jordan, Ms. Walker, Ms. Cook, Ms. Dingle, Ms. Galoway, Ms. Jay, Ms. Mossberg, Ms. Nelms, Ms. O'Brien, Ms. Hardin, Joshica Moore, Eddie Moore, Ms. Wyatt and Ms. Johnson have not produced any documents or things, or have only produced tax records, in response to LiveOps request for production and inspection.[5] The court ORDERS Plaintiffs to produce all responsive documents or state that no such documents exist within 20 days of this court's Order. Additionally, all other Plaintiffs are ORDERED to clarify if they have produced all documents in response to LiveOps's Requests for Production and Inspection of Things within 20 days as well.

---

[5]The dispute regarding Ms. Xenos's production is addressed in the following discussion regarding her Motion for a Protective Order.

## IV.    Protective Order

Plaintiff Ms. Xenos has filed a Motion for a Protective Order.  She requests that this court enter an order allowing Plaintiffs' counsel to review information that Ms. Xenos has access to on LiveOps's internal computer system.  Ms. Xenos avers that this will aid her in answering LiveOps's interrogatories.  Alternatively, she asks that this court order LiveOps to clarify which types of documents may be permissibly shown to her counsel and which are subject to a confidentiality agreement between LiveOps and Ms. Xenos.  LiveOps argues that a protective order is not necessary, and a properly drafted Rule 34 request by Ms. Xenos would suffice.

Motions for a protective order are governed by Federal Rule of Civil Procedure 26(c) which allows a court to, "for good cause, issue an order to protect a party. . . specifying terms. . . for the disclosure or discovery."  Fed. R. Civ. P. 26(c)(1)(B).  "The burden of showing good cause for a protective order rests on the party requesting relief."  Stamps v. Encore Receivable Mgmt., Inc., 232 F.R.D. 419, 423 (N.D. Ga. 2005) (Evans, J.); Purser v. Trauner, Cohen & Thomas, L.L.P., Civil Action No. 1:07-CV-0395-JOF, 2007 WL 4458455, at *1 (N.D. Ga. Dec. 14, 2007) (Forrester, J.).  "Good cause 'signifies a sound basis or legitimate need to take

judicial action.'" <u>Purser</u>, 2007 WL 4458455, at *1 (quoting <u>In re Alexander Grant & Co. Litig.</u>, 820 F.2d 352, 356 (11th Cir. 1987)).

Ms. Xenos claims that she needs the protective order because she is afraid that LiveOps will take adverse action against her if she shows a protected document to her counsel in violation of the confidentiality agreement. The court appreciates Ms. Xenos's concern, but is not persuaded that a protective order allowing Plaintiffs' counsel unfettered access to documents on LiveOps's internal computer system is necessary. First, although Ms. Xenos asks this court to order LiveOps to clarify which documents may be shown to her counsel, a review of the record reveals that LiveOps has already described to Plaintiffs' counsel documents that may be shown without violating the agreement. Second, the Federal Rules allow Ms. Xenos to serve a request on LiveOps asking that she and her counsel be permitted to review certain documents. <u>See</u> Fed. R. Civ. P. 34. Prior to filing her Motion for a Protective Order, Ms. Xenos had not utilized this option and has not suggested to the court that it would be ineffective. Given that LiveOps has previously provided her with some guidance and that she may rely on Rule 34 to gain access to discoverable documents she and her counsel wish to see, Ms. Xenos has not persuaded this court that there is good cause to issue a protective order.

**V.**     **<u>Sanctions</u>**

The Federal Rules of Civil Procedure provide that a court may impose sanctions where, "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Among the permissible sanctions, a court may dismiss the action with prejudice, Fed. R. Civ. P. 37(b)(2)(A)(v), and

> [i]nstead of or in addiction to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3). LiveOps urges that both dismissal and attorneys' fees would be appropriate here.

## A.    Dismissal

LiveOps asks this court to dismiss Plaintiffs' action with prejudice under Rule 37. "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993).

LiveOps contends that dismissal is appropriate for three reasons: (1) Plaintiffs' Initial Disclosures failed to provide for computation of damages, (2) Plaintiffs have provided incomplete and evasive answers to its interrogatories, and (3) Plaintiffs' production of documents has been deficient.

As discussed above, the court agrees that Plaintiffs have not met their discovery obligations under the Federal Rules. Nevertheless, the court believes that a sanction less severe than an outright dismissal will ensure Plaintiffs' compliance with their discovery obligations as well as this court's Order to Compel Discovery. Plaintiffs' late computation of damages—despite its tardiness and initial shortcomings—demonstrates that Plaintiffs have made some effort to respond to LiveOps's demands and to comply with their obligations when faced with a Motion to Compel. Under these facts, the court need not impose the most severe sanction of dismissal, and fully expects that an Order to Compel Discovery and an award of reasonable expenses including attorneys' fees will ensure Plaintiffs' compliance with their discovery obligations.

## B. Attorneys' Fees

As discussed above the court grants LiveOps's request for reasonable expenses, including attorneys' fees associated with bringing its Motion to Compel computation of damages. The court also grants LiveOps's request for reasonable

expenses, including attorneys' fees associated with bringing the other Motions to Compel.

Rule 37 of the Federal Rules of Civil Procedure provides that a party is entitled to reasonable expenses and attorneys' fees incurred in bringing a motion to compel if the motion is granted unless the movant filed the motion before making a good-faith attempt to obtain discovery or disclosure without court action, the nondisclosure was substantially justified or there exist circumstances that would make an award unjust. Fed. R. Civ. P. 37(a)(5). As stated, the court is satisfied that LiveOps made a good faith attempt to obtain the disclosure and discovery without court action. Plaintiffs assert, however, that it was their fear of being terminated that justified their nondisclosure.

The court finds no merit to Plaintiffs' contention that they did not disclose or respond for fear of termination. First, several Plaintiffs no longer work for LiveOps, therefore, they can have no fear of termination. Nevertheless, those Plaintiffs did not disclose any more information than the others who continue to work for LiveOps. Second, in opposing LiveOps's Motions to Compel, Plaintiffs have maintained that they had no additional information to disclose. The Plaintiffs have simply demonstrated a pattern of uniform nonresponsive answers to interrogatories and, in a number of instances, no response at all.

Therefore, LiveOps is entitled to fees and expenses incurred with bringing the first two Motions to Compel. However, with respect to the latter two Motions to Compel, Plaintiffs will be permitted to file a response regarding the issue of sanctions. See Fed. R. Civ. P. 37(a)(5).

## VI.    Summary

Based on the foregoing, the court hereby GRANTS the Defendant's Motions to Compel [Doc. Nos. 111, 167, 253 & 266]. The court awards reasonable costs, including attorneys' fees incurred in bring two Motions to Compel [Doc. Nos. 111 & 167], and awaits Plaintiffs' response before making a final ruling with respect to attorneys' fees for the latter two Motions to Compel [Doc. Nos. 253 & 266].[6] Additionally, the Plaintiffs' Motion for Protective Order [Doc. No. 135] is DENIED.

IT IS SO ORDERED, this 29th day of September, 2008.

s/Beverly B. Martin
BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE

---

[6]Regarding the award of attorneys' fees on the first two Motions to Compel, the court has observed that the briefing on the attorneys' fees issue can itself become quite time consuming and labor intensive. The court would therefore encourage the parties to at least attempt to arrive at an award that is acceptable to both sides under the circumstances. Such a resolution would not constitute a waiver by Plaintiffs of any objections they might have to the substance of the court's decision to award fees. Resolving this issue in this manner could allow the parties to devote their time and energies to the merits of this dispute, as opposed to compiling and/or critiquing time and hourly rate records.